UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL S. GRANT,<br><br>        Plaintiff,<br><br>   v.<br><br>BORGES, et al.,<br><br>        Defendants. | Case No. 1:20-cv-00908-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S CLAIM AGAINST DEFENDANT RIOS FOR EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT; THAT ALL OTHER CLAIMS AGAINST DEFENDANT RIOS BE DISMISSED; THAT THE REMAINDER OF PLAINTIFF'S CLAIMS BE SEVERED AND TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA; AND THAT PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF NOS. 1 & 3)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Russell Grant ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on June 30, 2020.  (ECF No. 1).  On that same day, Plaintiff filed a

motion for a preliminary injunction and a temporary restraining order.  (ECF Nos. 2 & 3).

The Court has reviewed the complaint and finds that the following claim should proceed passed the screening stage: Plaintiff's claim against defendant Rios for excessive force in violation of the Eighth Amendment.  Accordingly, the Court will recommend that this case proceed on Plaintiff's claim against defendant Rios for excessive force in violation of the Eighth Amendment and that all of Plaintiff's other claims against defendant Rios be dismissed.

As there appears to be no connection between Plaintiff's excessive force claim against defendant Rios and Plaintiff's other claims, and as the remaining incidents occurred in the Central District of California, the Court will also recommend that the remainder of Plaintiff's claims be severed and transferred to the United States District Court for the Central District of California.

Finally, the Court will recommend that Plaintiff's motion for a preliminary injunction and a temporary restraining order be denied, without prejudice.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 11), the Court may also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

**II.     SUMMARY OF PLAINTIFF'S COMPLAINT**

The incidents alleged in Plaintiff's complaint occurred at two different institutions: California Institution for Men and California Substance Abuse Treatment Facility.[1]  Only one of those institutions, California Substance Abuse Treatment Facility ("SATF"), is located in the Eastern District of California.

The allegations regarding the incident that occurred at SATF are as follows.

Plaintiff arrived at SATF on December 3, 2019.

On December 6, 2019, while Plaintiff was housed in Administrative Segregation, defendant Rios conspired jointly with other defendants, with a "meeting of the mind" to take "concerted actions" directly against Plaintiff for the purpose of intimidating and threatening him.

Defendant Rios was at Plaintiff's cell during shower time.  Defendant Rios placed handcuffs on Plaintiff's wrist and made sure they were extremely tight so that they were pinching Plaintiff's skin and cutting off circulation in his wrist.

---

[1] Plaintiff alleges that some of the defendants worked at California Rehabilitation Center, but all the incidents alleged in the complaint appear to have occurred at these two institutions.

Once Plaintiff was out of his cell, defendant Rios grabbed Plaintiff's arm in a rough manner while he began to escort Plaintiff. Plaintiff asked defendant Rios if he could loosen his grip and the cuffs. Defendant Rios said, "Shut up, what do you want to do? You think that you got away from your problems at Chino when you transferred here?" Plaintiff remained silent while defendant Rios continued to grip Plaintiff's arm very tightly. Defendant Rios then grabbed Plaintiff's neck and guided his body toward a wall "very hard." Defendant Rios then said, "Who are you gonna tell, your [sic] in my house. You hear me?" Plaintiff mumbled "Yes" as he felt pain from his face from being pushed against the wall. Plaintiff was then escorted to the shower while other officers stood by and watched what defendant Rios had done to Plaintiff.

The act performed by defendant Rios "could not be conspired between other defendants of CRC, CIM, SCATF [sic], without an agreement."

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A. Conspiracy

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or meeting of the minds to violate constitutional rights, Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001), and that an "actual deprivation of his constitutional rights resulted from the alleged conspiracy," Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir.1989)). Additionally, Plaintiff must show that Defendants "conspired or acted jointly in concert and that some overt act [was] done in furtherance of the conspiracy." Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974). "[M]ore than vague conclusory allegations are required to state a [conspiracy] claim." Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

To state a cause of action under 42 U.S.C. § 1985(3), a plaintiff "must allege (1) a

conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971)). "A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). Additionally, section 1985(3) only applies where there is "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin, 403 U.S. at 102 (footnote omitted).

Plaintiff alleges that all defendants conspired against him to violate his constitutional rights. However, this is a conclusory allegation. There are no factual allegations suggesting that defendant Rios conspired with any other defendants to deprive Plaintiff of his constitutional rights while Plaintiff was housed at California Institution for Men. There are also no factual allegations suggesting that defendant Rios conspired with any other defendants to deprive Plaintiff of his constitutional rights when defendant Rios allegedly used excessive force on Plaintiff at SATF. As mere conclusory allegations are not sufficient to support a conspiracy claim under section 1983 or section 1985, Plaintiff has failed to state a conspiracy claim against defendant Rios.

### B. Federal Rules of Civil Procedure 18 and 20

A complaint must comply with the requirements of Federal Rules of Civil Procedure 18 and 20. Under these rules, a plaintiff may not proceed on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2). "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against

5

Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." K'napp v. California Dept. of Corrections, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation, 599 Fed. Appx. 791 (9th Cir. 2015) (alterations in original) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) ("Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

As Plaintiff has failed to state a conspiracy claim against defendant Rios, Plaintiff's claims against defendant Rios are unrelated to the remainder of the claims in this case, which appear to have arisen from incidents occurring at California Institution for Men. Accordingly, Plaintiff cannot proceed on the unrelated claims in this case.

Federal Rules of Civil Procedure 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See, e.g., Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296-97 (9th Cir. 2000); Maddox v. County of Sacramento, 2006 WL 3201078, *2 (E.D. Cal. Nov. 6, 2006). As Plaintiff cannot proceed on the unrelated claims in this case, the Court will recommend that the unrelated claims be severed.

As the unrelated claims arose in the Central District of California, the Court will also recommend that these claims be transferred to the United States District Court for the Central District of California.

The federal venue statute requires that a civil action, other than one based on diversity

jurisdiction, be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. 28 U.S.C. § 1406(a). See also Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

While it appears likely that defendant Rios resides in the Eastern District, there are no allegations that any other defendant resides in the Eastern District.  And, the Court is recommending that the claims based on the incident that occurred in the Eastern District be severed from the other claims because the claims are unrelated.  As the unrelated claims appear to have no connection to this district, those claims should have been brought in the United States District Court for the Central District of California, which is where the incidents underlying the unrelated claims occurred.  Accordingly, the Court will also recommend that the unrelated claims be transferred to the United States District Court for the Central District of California.

### C. Excessive Force in Violation of the Eighth Amendment

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not … use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994).  "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate…, the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible

officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9

It is not clear, but it appears that Plaintiff may be attempting to bring an excessive force claim against defendant Rios. Plaintiff alleges that, when it was time for him to be escorted to the shower, defendant Rios made sure the handcuffs on Plaintiff "were extremely tight so that they were pinching Plaintiff['s] skin and cutting off his circulation." Additionally, defendant Rios pushed Plaintiff toward a wall "very hard," and Plaintiff could feel pain from his face being pushed against the wall.

Liberally construing Plaintiff's complaint, the Court finds that Plaintiff has sufficiently alleged that defendant Rios used force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Accordingly, Plaintiff's excessive force claim should proceed passed the screening stage.

### D. First Amendment Retaliation

There are five basic elements to a First Amendment retaliation claim: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

While prisoners have no freestanding right to a prison grievance process, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system," Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001). Because filing administrative grievances and initiating civil litigation are protected activities, it is impermissible for prison officials to retaliate against prisoners for engaging in

these activities. Rhodes, 408 F.3d at 567.

It is not clear if Plaintiff is attempting to assert a separate retaliation claim against defendant Rios. To the extent that he is, Plaintiff has failed to state a claim because there are no allegations suggesting that defendant Rios used excessive force against Plaintiff because Plaintiff filed grievances and complaints. Thus, Plaintiff has failed to state a retaliation claim under the Constitution against defendant Rios.

### IV.  PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND A TEMPORARY RESTRAINING ORDER

#### A. Plaintiff's Motion

According to the declaration that Plaintiff submitted with the motion (ECF No. 2), Plaintiff has been incarcerated since 2014. He has been housed at SATF since December of 2019.

Plaintiff alleges that there is nothing mentally wrong with him.

While in isolation at California Institution for Men and at SATF, Plaintiff has been subjected to something he calls "No Touch-Torture." Officers have been doing this to Plaintiff with a sadistic intent, to intimidate and sexually assault Plaintiff to deter him from any future remedies concerning his complaints about a surveillance camera being altered and his complaints about his meals being tampered with by officers.

The "No Touch-Torture" is something that is ingested or smoked, which has and is still being used by custody staff on Plaintiff. Once it is ingested into the human body, or even a dog, it gives an illusory ghost image/figure of an individual. It can only work at a certain amount of feet; twenty to thirty feet is Plaintiff's guess. Also, once the substance is ingested it has a certain timespan before it wears off. While it is wearing off the illusory ghost image begins to hum faintly as a still image. The eyes of the guards that have taken his substance are reddish. The substance "gives an act of deceiving the actually state of mind into believing there['s] something there, a mental conception."

When Plaintiff is being touched by the illusory image, he feels a sense of touch, such as when officers are flicking his penis, or poking him with something, or making his feet cold

while he is lying in bed.

If Plaintiff files an appeal bringing this issue to higher ranking prison officials' attention, all they would do is smoke screen it with a mental health issue, stating that something is wrong with Plaintiff mentally.

Plaintiff has written to outside agencies regarding the "No Touch-Torture," a surveillance camera being altered, and his meals being tampered with, but Plaintiff has heard nothing back.  This is why Plaintiff knows his mail is being discarded, so that the officers' misconduct will never be revealed.

### B.  Legal Standards

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").  The court may not attempt to determine the rights of persons not before it.  See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled").  Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).  "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."  Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

### C.  Analysis

The Court will recommend that Plaintiff's motion be denied, without prejudice.

When an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief will generally become moot when he is transferred to another facility. Taylor v. Hubbard, No. 1:10-CV-00404-LJO, 2013 WL 1222027, at *2 (E.D. Cal. Mar. 25, 2013), report and recommendation adopted, No. 1:10-CV-00404-LJO, 2013 WL 2102688 (E.D. Cal. May 14, 2013); Rhodes v. Robinson, 408 F.3d 559, 566, n. 8 (9th Cir. 2005); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). See also Canatella v. State of California, 304 F.3d 843, 852 (9th Cir. 2002) ("In the particular context of injunctive and declaratory relief, a plaintiff must show that he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that he will again be wronged in a similar way.") (citations and internal quotation marks omitted).

There is no indication in Plaintiff's motion that he is likely to be transferred back to California Institution for Men. Thus, to the extent Plaintiff is seeking an injunction against the defendants at California Institution for Men and California Rehabilitation Center, Plaintiff's motion is moot because he has been transferred to SATF.

To the extent Plaintiff is seeking an injunction against individuals at SATF, Plaintiff's motion appears to be unrelated to the cognizable claim in this case. The Court is recommending that this case proceed only against defendant Rios on a claim for excessive force in violation of the Eighth Amendment. There are no allegations that defendant Rios

engaged in "No Touch-Torture," altered a surveillance camera, or tampered with Plaintiff's meal(s), and the Court is not recommending that the case proceed on any such claims. "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC, 810 F.3d at 633. As the Court does not have authority to issue the requested injunction in this action, Plaintiff's motion should be denied, without prejudice.

## V.     RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's claim against defendant Rios for excessive force in violation of the Eighth Amendment, and that all other claims against defendant Rios be dismissed;
2. The remainder of Plaintiff's claims, which arose from incidents occurring at California Institution for Men, be severed from Plaintiff's claims against defendant Rios and transferred to the United States District Court for the Central District of California;
3. If these findings and recommendations adopted, the Clerk of Court be directed to transmit a copy of Plaintiff's complaint (ECF No. 1), Plaintiff's motion to proceed in forma pauperis (ECF No. 5), Plaintiff's trust account statement (ECF No. 10), these findings and recommendations, and the order adopting these findings and recommendations to the United States District Court for the Central District of California; and
4. Plaintiff's motion for a preliminary injunction and a temporary restraining order be denied, without prejudice.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **July 6, 2020**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE