UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RUSSELL S. GRANT,

               Plaintiff,

   v.

D. RIOS,

               Defendant.

Case No. 1:20-cv-00908-NONE-EPG (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE

(ECF No. 26)

ORDER RE: PLAINTIFF'S REQUEST FOR EXTENSION OF TIME AND COPIES OF MOTIONS

(ECF No. 27)

ORDER DIRECTING CLERK TO SEND PLAINTIFF COPY OF SCREENING FINDINGS AND RECOMMENDATIONS (ECF NO. 13) AND ORDER REQUIRING INITIAL DISCLOSURES (ECF NO. 21)

Russell Grant ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On February 19, 2021, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 26). Plaintiff also filed a motion for an extension of time, which includes a request for copies of motions he filed in this case. (ECF No. 27).

As to Plaintiff's motion for extension of time, it is unclear what deadline Plaintiff wants extended. The only deadlines Plaintiff has in this case appear to be his deadline to serve

Defendant's counsel with his initial disclosures and his deadline to file a scheduling conference statement. Both of these deadlines have run. Nevertheless, the Court will grant Plaintiff a thirty-day extension of both of these deadlines. The Court notes that failure to comply with these deadlines (or to timely request an extension) may result in the dismissal of this action for a failure to prosecute.

As to Plaintiff's request for copies of the motions he has filed in this case, it will be denied. It appears that Plaintiff did not provide a prepaid envelope so the Clerk could return the motions Plaintiff just filed and did not tender payment for any copies that he wants the Court to provide him. Additionally, he did not provide any explanation as to why he needs the copies.[1]

As to Plaintiff's motion for appointment of pro bono counsel, Plaintiff asks for appointment of counsel because he is unable to afford counsel; because he has no ability to investigate the facts of this case; because his imprisonment will greatly limit his ability to litigate regarding conflicting evidence; because the institution where he is housed (Auburn County Jail) has an inadequate law library, which is preventing him from preparing copies, serving documents, and filing legal papers with the Court; because a trial in this case will likely involve conflicting testimony and counsel would better enable him to present evidence and cross examine witnesses; and because he has made repeated efforts to obtain a lawyer.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

---

[1] In Plaintiff's motion for appointment of counsel, Plaintiff appears to allege that he did not receive a copy of the screening findings and recommendations, in which the Court also recommended that Plaintiff's motion for a preliminary injunction be denied. Accordingly, the Court will direct the Clerk of Court to send Plaintiff a copy of these findings and recommendations, which were adopted in full (ECF No. 14).

"exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claim. Moreover, it appears that Plaintiff can adequately articulate his claim.

The Court notes that if Plaintiff needs additional time to comply with a deadline because of limited law library access, Plaintiff may file a motion for an extension of time. Additionally, if Plaintiff believes that he is unable to prosecute this action because the law library refuses to provide him with necessary legal materials, Plaintiff may file a motion for an order under the All Writs Act.

Finally, Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that:

1. Plaintiff has thirty days from the date of service of this order to serve defense counsel with his initial disclosures and to file his scheduling conference statement;

2. Plaintiff's request for copies of motions is DENIED;

3. Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice; and

4. The Clerk of Court is directed to send Plaintiff a copy of the screening findings and recommendations (ECF No. 13) and the order requiring initial disclosures (ECF No. 21).

IT IS SO ORDERED.

Dated:   **April 27, 2021**                    /s/ *Erica P. Grosjean*
                                               UNITED STATES MAGISTRATE JUDGE