UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL S. GRANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. RIOS,<br><br>　　　　Defendant. | Case No. 1:20-cv-00908-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS *DUCES TECUM*<br><br>(ECF No. 35) |

　　　　Russell Grant ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's "claim against defendant Rios for excessive use of force in violation of the Eighth Amendment…." (ECF No. 14, p. 2).  All other claims were either dismissed or severed and transferred to the United States District Court for the Central District of California. (Id.).

　　　　**I.    Plaintiff's Motion**

　　　　On September 7, 2021, Plaintiff filed a motion for the issuance of three subpoenas *duces tecum*. (ECF No. 35).  First, Plaintiff seeks a subpoena directed to the Federal Bureau of Investigation ("FBI").  According to Plaintiff, on January 7, 2020, he sent a letter of complaint regarding the abuse he was being subjected to by California Department of Corrections and Rehabilitation ("CDCR") staff to the FBI.  Plaintiff seeks to obtain documentation that indicates whether or not the FBI received his letter of complaint.  He further seeks a

1

1  memorandum on the FBI's policy of investigating a prison incident once it is notified of the
2  incident.
3         Plaintiff argues that these documents are relevant to Plaintiff's claim of conspiracy
4  because Plaintiff is sure his outgoing mail was tampered with in a way that it did not make it to
5  its destination.  Once that is established, it shows that other CDCR staff conspired with
6  Defendants to conceal the abuse Plaintiff suffered while housed at California Substance Abuse
7  Treatment Facility.
8         Second, Plaintiff seeks a subpoena directed to the Criminal Section/Civil Rights
9  Division of the United States Department of Justice.  According to Plaintiff, on March 11,
10 2020, he sent a letter of complaint regarding the abuse he was being subjected to by CDCR
11 staff to the Criminal Section/Civil Rights Division of the United States Department of Justice.
12 Plaintiff seeks to obtain documentation that indicates whether or not the Department of Justice
13 received his letter of complaint.  He further seeks a memorandum of the Department of
14 Justice's policy of investigating a prison incident once it is notified of the incident.
15        Plaintiff argues that these documents are relevant to Plaintiff's claim of conspiracy
16 because Plaintiff is sure his outgoing mail was tampered with in a way that it did not make it to
17 its destination.  Once that is established, it shows that other CDCR staff conspired with
18 Defendants to conceal the abuse Plaintiff suffered while housed at California Substance Abuse
19 Treatment Facility.
20        Third, Plaintiff seeks a subpoena directed to the Kern County Grand Jury.  According to
21 Plaintiff, on March 11, 2020, he filed a complaint to the Kern County Grand Jury regarding the
22 abuse he was being subjected to by CDCR staff.  Plaintiff seeks to obtain documentation that
23 states whether or not the Kern County Grand Jury received his complaint.  He further seeks the
24 Kern County Grand Jury's policy regarding what happens after a person files a complaint.
25        Plaintiff argues that these documents are relevant to Plaintiff's claim of conspiracy
26 because Plaintiff is sure his outgoing mail was tampered with in a way that it did not make it to
27 its destination.  Once that is established, it shows that other CDCR staff conspired with
28 Defendants to conceal the abuse Plaintiff suffered while housed at California Substance Abuse

Treatment Facility.

## II. Legal Standards

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

## III. Analysis

Plaintiff's motion will be denied. Plaintiff failed to show that any of the documents he is requesting are relevant to this case or that they are likely to lead to discoverable information. As to all three subpoena requests, Plaintiff argues that the documents he is requesting are relevant to his conspiracy claim. However, this case is only proceeding on an excessive force claim against defendant Rios. Plaintiff's conspiracy claim against defendant Rios was dismissed, and his claims based on the incidents that occurred at California Institution for Men were severed and transferred to the United States District Court for the Central District of California. (ECF Nos. 13 & 14). As Plaintiff is seeking documents regarding a claim that is not proceeding in this case, Plaintiff's motion for the issuance of subpoenas *duces tecum* will be denied.

\\\

**IV.     Order**

Based on the foregoing, IT IS ORDERED that Plaintiff's motion for the issuance of subpoenas *duces tecum* is DENIED.

IT IS SO ORDERED.

Dated:   **September 10, 2021**                    /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE