UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL S. GRANT,<br><br>        Plaintiff,<br><br>    v.<br><br>D. RIOS,<br><br>        Defendant. | Case No. 1:20-cv-00908-JLT-EPG (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY MERITS-BASED DISCOVERY AND MODIFY SCHEDULING ORDER<br><br>(ECF No. 42) |

Russell Grant ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Defendant's motion to stay merits-discovery and to modify the scheduling order. (ECF No. 42).

On January 10, 2022, Defendant filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. (ECF No. 41). On that same day, Defendant filed a motion to stay merits-based discovery and to vacate the non-expert discovery, reporting on the viability of a settlement conference, and dispositive motion deadlines pending resolution of the motion for summary judgment. (ECF No. 42). Plaintiff did not file an opposition or any other response to Defendant's motion to stay.

District courts have broad discretion in deciding whether to stay a case. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

and effort for itself, for counsel, and for litigants."). The moving party has the burden to show that a stay is appropriate. Clinton v. Jones, 520 U.S. 681, 708 (1997). In determining whether to enter a stay, the court must consider the competing interests at stake, including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55).

Applying the relevant factors to this case, the Court finds that Defendant's unopposed motion to stay merits-based discovery and vacate deadlines should be granted. Defendant's motion for summary judgment may resolve the case in its entirely. Without resolving the exhaustion issue, the Court has reviewed the pending motion for summary judgment, and it appears to present a colorable defense based on exhaustion. According to Defendant's motion, the incident occurred on December 6, 2019, and Plaintiff had thirty days to submit an appeal regarding the issue. On August 14, 2020, Plaintiff's institution of confinement received a three-page letter dated January 7, 2020, that was addressed to the Federal Bureau of Investigation. (ECF No. 41-2, p. 4). The letter included allegations regarding the December 6, 2019 incident, and so was treated as a grievance even though it was not filed on the proper form. (Id.). However, the grievance was canceled as untimely because it was not filed within thirty days of the incident. (Id.). Moreover, Plaintiff appealed the cancelation after he filed this action. (Id. at 10).

Based on the foregoing, the parties' and the Court's time and resources will be conserved by a stay. Additionally, the stay will not impose undue hardship or inequity to the parties at this stage in the case. Thus, the Court will stay all discovery and pending deadlines in the case and will reset any necessary deadlines following a final ruling on the motion for summary judgment if Plaintiff's claim proceeds.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to stay discovery and vacate deadlines (ECF No. 42) is

GRANTED; and

2. Merits-based discovery[1] is stayed and the non-expert discovery, reporting on the viability of a settlement conference, and dispositive motion deadlines are vacated. The Court will lift the stay and reset these deadlines, if necessary, after the District Judge issues an order on Defendant's pending motion for summary judgment (ECF No. 41).

IT IS SO ORDERED.

Dated:  **February 22, 2022**              /s/ Eric P. Grojean
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that it is not staying discovery on the issue of exhaustion of available administrative remedies.

3