1
2
3
4
5
6
7                        UNITED STATES DISTRICT COURT

8                        EASTERN DISTRICT OF CALIFORNIA

9

10   RUSSELL S. GRANT,                        Case No. 1:20-cv-00908-JLT-EPG (PC)

11            Plaintiff,                       FINDINGS AND RECOMMENDATIONS,
                                               RECOMMENDING THAT DEFENDANT'S
12        v.                                   MOTION FOR SUMMARY JUDGMENT BE
                                               DENIED; THAT THE STAY BE LIFTED AND
13   D. RIOS,                                  THE PREVIOUSLY VACATED DEADLINES
                                               BE RESET; AND THAT AN EVIDENTIARY
14            Defendant.                       HEARING BE SET

15
                                               (ECF No. 41)
16
                                               OBJECTIONS, IF ANY, DUE WITHIN
17                                             TWENTY-ONE DAYS

18

19   I.      INTRODUCTION

20           Russell Grant ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this

21   civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's

22   Eighth Amendment excessive force claim against defendant Rios based on Plaintiff's

23   allegations that defendant Rios made sure that Plaintiff's handcuffs were too tight and then

24   pushed Plaintiff into a wall and held him there.  (ECF Nos. 1, 13, & 14).[1]

25           On January 10, 2022, Defendant filed a motion for summary judgment on the ground

26   that Plaintiff failed to properly exhaust his available administrative remedies.  (ECF No. 41).

27   _____

28        [1] Page numbers refer to the ECF page numbers stamped at the top of the page.

                                            1

On that same day Defendant filed a motion to stay discovery and to modify the scheduling order.  (ECF No. 42).  On February 22, 2022, the Court granted Defendant's motion to stay discovery and to vacate deadlines.  (ECF No. 46).  On March 21, 2022, Plaintiff filed his opposition to the motion for summary judgment.  (ECF No. 47).  On April 5, 2022, Defendant filed his reply.

The Court finds that there is a genuine dispute of material fact regarding whether Plaintiff timely filed a grievance[2] regarding the claim that is proceeding in this action. Accordingly, the Court will recommend that Defendant's motion for summary judgment be denied; that the stay be lifted and the previously vacated deadlines be reset; and that an evidentiary hearing be set to determine whether Plaintiff exhausted his administrative remedies by timely filing a grievance regarding his claim that was improperly processed by prison officials.

## II.  SUMMARY OF CLAIMS

This case proceeds on Plaintiff's Eighth Amendment excessive force claim against defendant Rios.  (ECF Nos. 1, 13, & 14).  In allowing this claim to proceed past screening, the Court found as follows:

> It is not clear, but it appears that Plaintiff may be attempting to bring an excessive force claim against defendant Rios.  Plaintiff alleges that, when it was time for him to be escorted to the shower, defendant Rios made sure the handcuffs on Plaintiff "were extremely tight so that they were pinching Plaintiff['s] skin and cutting off his circulation."  Additionally, defendant Rios pushed Plaintiff toward a wall "very hard," and Plaintiff could feel pain from his face being pushed against the wall.
>
> Liberally construing Plaintiff's complaint, the Court finds that Plaintiff has sufficiently alleged that defendant Rios used force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Accordingly, Plaintiff's excessive force claim should proceed [past] the screening stage.

(ECF No. 13, p. 8; ECF No. 14, p. 2).

All other claims against defendant Rios were dismissed, and "[t]he remainder of

---

[2] A grievance is also referred to as an appeal or a 602.

plaintiff's claims, which arose from incidents occurring at California Institution for Men,
[were] severed from plaintiff's claims against defendant Rios and transferred to the United
States District Court for the Central District of California."  (ECF No. 14, p. 2).

### III.    SUMMARY JUDGMENT

#### a.    Defendant's Motion (ECF No. 41)

Defendant filed a motion for summary judgment on January 10, 2022.  (ECF No. 41).
Defendant "moves for summary judgment on the grounds that the undisputed facts in the record
prove that Plaintiff failed to properly exhaust available administrative remedies for the claims
asserted in this action…."  (Id. at 1).

Defendant asserts that at the relevant time, the California Department of Corrections
and Rehabilitation ("CDCR") and the California Substance Abuse Treatment Facility ("SATF")
(where Plaintiff was housed) had an administrative grievance process in place for inmates.
(ECF No. 41-2, p. 3).  An inmate has thirty days from the date of an incident to file a grievance.
(Id.).  An inmate exhausts available administrative remedies by receiving a decision at the third
level of review.  (Id.).

The alleged excessive force incident occurred on December 6, 2019.  (Id. at 4).  "On
August 14, 2020, SATF received a three-page hand-written letter with Plaintiff's name and
CDCR identifying number (T60450), and addressed to the Federal Bureau of Investigation.
This letter was dated January 7, 2020."  (Id.) (citation omitted).  The letter was assigned
Grievance Log Number 29620 and referred for investigation.  (Id.).

Among other things, the letter alleged that defendant Rios "displayed rude and
demoralizing behavior toward Plaintiff, would tighten handcuffs, and tightly grab Plaintiff's
arm while escorting Plaintiff to the shower."  (Id.).

The letter/grievance was rejected as untimely.  (Id.).  Plaintiff appealed the rejection to
the Office of Appeals, which had sixty-days to complete a written response.  (Id.).  "Because
the time for [Office of Appeals] to issue a written response expired, the August 17, 2020
decision by the SATF's [Office of Grievances], rejecting Plaintiff's grievance as untimely,
served as the Department's final response to Plaintiff's allegations."  (Id. at 4-5).  Moreover,

3

1    Plaintiff appealed the rejection after he filed this action.  (Id. at 10).

2          Defendant also argues that the process was available to Plaintiff and that Plaintiff knew

3    about the process because "[b]etween December 3, 2019 and June 30, 2020, Plaintiff submitted

4    3 appeals and 1 grievance."  (Id. at 5).  However, none of these addressed Plaintiff's excessive

5    force allegations against defendant Rios.  (Id.).

6          "Clearly, Plaintiff had not completed the exhaustion process concerning this

7    appeal prior to filing suit, thus this action should be dismissed."  (Id. at 10).  Moreover,

8    "Plaintiff cannot credibly claim that the process was unavailable to him to excuse the untimely

9    submission of 29620 when he submitted 3 unrelated appeals and 1 unrelated grievance to

10   prison officials between the alleged incident and when he filed this action."  (Id. at 11).

11         Finally, Defendant asks the Court to set an evidentiary hearing if the Court determines

12   that there are any genuine disputes of material fact.  (Id. at 1-2).  Defendant asks that this

13   hearing be conducted "before the parties proceed to the merits of this case."  (Id. at 11).

14         In support of their motion, Defendant submits among other things: the declaration of J.

15   Zamora, the Grievance Coordinator at California Substance Abuse Treatment Facility; the

16   declaration of Howard E. Moseley, the Associate Director of the Office of the Appeals; logs of

17   grievances filed by Plaintiff; grievances filed by Plaintiff; responses to grievances filed by

18   Plaintiff; a letter from Plaintiff to the Federal Bureau of Investigation dated January 7, 2020.

19                 b.   Plaintiff's Opposition (ECF No. 47)

20         Plaintiff filed his opposition on March 21, 2022.  (ECF No. 47).  Plaintiff argues that

21   Defendant's motion should be denied because administrative remedies were unavailable to him

22   due to the fact that the appeals coordinator at SATF failed to process Plaintiff's grievance.  (Id.

23   at 1).

24         Plaintiff alleges that he filed an appeal regarding the incident alleged in the complaint

25   on December 8, 2019.  (Id. at 3).  Plaintiff further alleges that when he did not receive a

26   response, he started to write to outside agencies.  (Id.).  "On 1-7-2020, Plaintiff wrote the

27   Federal Bureau of Investigation and United States Attorney Office, explaining everything that

28   he was subjected to."  (Id.).  "On 3-11-2020, Plaintiff wrote the Civil Right Division, U.S.

4

Department of Justice and Kern County Grand Jury, explaing [sic] everything that he was subjected to." (Id.).  "On 6-16-2020, Plaintiff wrote the Inspector General, explaining everything that he was subjected to." (Id.).  Plaintiff e-filed his complaint on June 30, 2020. (Id.).

Plaintiff argues that "the improper screening of his appeal rendered administrative remedies effectively unavailable to him." (Id. at 4).

As to the letter Plaintiff wrote to the Federal Bureau of Investigation, Plaintiff denies that he ever sent it to the SATF appeals coordinator. (Id. at 3).  Someone else submitted the letter. (Id.).

Plaintiff alleges that while he "was housed at SATF in Short Term Restricted Housing ('STRH'), Plaintiff obtained multiple appeals forms from officers that worked the unit, and sent them to the Appeal Office." (Id. at 4).  Plaintiff further alleges that he understood how to fill out a grievance form, "by describing the problem and the action requested in the appeal, and stating all the fact[s] known and available to him regarding the issue he is appealing." (Id.). Plaintiff understood that the appeal had to be submitted within thirty days of the date of the event. (Id.).

Plaintiff also argues that, given Plaintiff's special circumstances, the Court should apply an equitable exception to the exhaustion requirement and deny the motion. (Id. at 1).

Finally, Plaintiff asks the Court to hold an evidentiary hearing if the Court determines that there are any genuine disputes of material fact. (Id.).  Plaintiff asks that this hearing be held "before the parties proceed to the merits of the case." (Id.).

In support of his opposition, Plaintiff submits among other things: his declaration; Form 22s stating that he was sending mail; and a letter from Plaintiff to the Federal Bureau of Investigation dated January 7, 2020.

c.  Defendant's Reply (ECF No. 48)

Defendant filed his reply on April 5, 2022.  (ECF No. 48).  Defendant argues that Plaintiff's assertion that he submitted a grievance is blatantly contradicted by the record, and the Court should thus "not adopt Plaintiff's self-serving statement that he submitted an appeal."

(Id. at 3).  Defendant also argues that Plaintiff's vague assertion that the December 8, 2019 appeal was lost or destroyed is not supported by admissible evidence.  (Id. at 4).  Finally, Defendant argues that Plaintiff "took no reasonable and appropriate steps to determine the status of [his] alleged appeal," and so "Plaintiff is not excused from the exhaustion requirement."  (Id. at 5).

      d.  Discussion

          i.  *Legal Standards for Summary Judgment*

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Albino v. Baca ("Albino II"), 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) ("If there is a genuine dispute about material facts, summary judgment will not be granted.").  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other

facts immaterial." Celotex, 477 U.S. at 322.  Additionally, "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).  It need only draw inferences, however, where there is "evidence in the record … from which a reasonable inference … may be drawn…"; the court need not entertain inferences that are unsupported by fact.  Celotex, 477 U.S. at 330 n. 2 (citation omitted).  Additionally, "[t]he evidence of the non-movant is to be believed…." Anderson, 477 U.S. at 255.

In a summary judgment motion for failure to exhaust, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy."  Albino II, 747 F.3d at 1172.  If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Id.  However, "the ultimate burden of proof remains with the defendant."  Id.  "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts."  Id. at 1166.

ii.   *Legal Standards for Exhaustion of Administrative Remedies*

At the relevant time, "[t]he California prison grievance system ha[d] three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (repealed June 1, 2020) & Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).  See also Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent.  The third level of review exhausts administrative remedies….") (repealed June 1, 2020).

1        Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that

2 "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

3 other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

4 such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

5        Prisoners are required to exhaust the available administrative remedies prior to filing

6 suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201

7 (9th Cir. 2002) (per curiam).  The exhaustion requirement applies to all prisoner suits relating

8 to prison life.  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Exhaustion is required regardless of

9 the relief sought by the prisoner and regardless of the relief offered by the process, unless "the

10 relevant administrative procedure lacks authority to provide any relief or to take any action

11 whatsoever in response to a complaint."  Booth v. Churner, 532 U.S. 731, 736, 741 (2001); see

12 also Ross v. Blake, 578 U.S. 632, 639-40, 642 (2016).

13        As discussed in Ross, 578 U.S. at 648, there are no "special circumstances" exceptions

14 to the exhaustion requirement.  The one significant qualifier is that "the remedies must indeed

15 be 'available' to the prisoner."  Id. at 639.  The Ross Court described this qualification as

16 follows:

17             [A]n administrative procedure is unavailable when (despite what
            regulations or guidance materials may promise) it operates as a

18             simple dead end—with officers unable or consistently unwilling
            to provide any relief to aggrieved inmates.  See 532 U.S., at 736,

19             738, 121 S.Ct. 1819….

20             Next, an administrative scheme might be so opaque that it
            becomes, practically speaking, incapable of use….

21
            And finally, the same is true when prison administrators thwart

22             inmates from taking advantage of a grievance process through
            machination, misrepresentation, or intimidation….  As all those

23             courts have recognized, such interference with an inmate's
            pursuit of relief renders the administrative process unavailable.

24             And then, once again, § 1997e(a) poses no bar.

25 Id. at 643-44 (footnote omitted).

26        "When prison officials improperly fail to process a prisoner's grievance, the prisoner is

27 deemed to have exhausted available administrative remedies."  Andres v. Marshall, 867 F.3d

28

1076, 1079 (9th Cir. 2017).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). <u>Jones</u>, 549 U.S. at 223-24; <u>Lira v. Herrera</u>, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

              iii.  *Undisputed Facts*

The Court finds that the following facts are undisputed:[3]

- The alleged excessive force incident occurred on December 6, 2019.  (ECF No. 41-2, p. 4; ECF No. 47, p. 2).

- There was a generally available administrative remedy.  (ECF No. 41-2, pgs. 3-4; ECF No. 47, p. 4).

- Plaintiff knew about and used the administrative grievance process, including advancing appeals to the final level of review.  (ECF No. 41-2, p. 5; ECF No. 47, p. 4).

- Between December 3, 2019, and June 30, 2020, Plaintiff submitted three appeals and one grievance.  (ECF No. 41-2, p. 5; ECF No. 47, p. 4).

- The above-listed appeals did not address Plaintiff's excessive force allegations against defendant Rios.  (ECF No. 41-2, p. 5; ECF No. 47, p. 3).

- Plaintiff did not receive a merits decision from the final level of review on a grievance regarding the alleged excessive force incident.  (ECF No. 41-2, pgs. 4-5; ECF No. 47, p. 3).

              iv.  *Analysis*

As discussed above, it is undisputed that there was a generally available administrative remedy and that Plaintiff did not receive a merits response at the final level to any grievance he filed regarding his excessive force claim.  As it is undisputed "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," "the

---

[3] Plaintiff failed to respond to Defendant's Separate Statement of Undisputed Material Facts, and Defendant failed to respond to Plaintiff's Separate Statement of Undisputed Facts.  However, after reviewing the parties' filings, the Court has determined that neither side disputes these facts.

1  burden shifts to the prisoner to come forward with evidence showing that there is something in

2  his particular case that made the existing and generally available administrative remedies

3  effectively unavailable to him."  Albino II, 747 F.3d at 1172.  Here, the Court finds that there is

4  a genuine dispute of material fact regarding whether the generally available administrative

5  remedy was available to Plaintiff.[4]

6          As evidence that the process was unavailable to him, Plaintiff first states that on

7  December 6, 2019, defendant Rios used excessive force on Plaintiff by making sure that

8  Plaintiff's handcuffs were "extremely tight," and then pushing Plaintiff into a wall and holding

9  him there.  (ECF No. 47, p. 2).[5]  He then cites to his declaration, which is signed under penalty

10 of perjury, that states: "On December 8, 2019, I put in an appeal regarding an incident with

11 officer D. Rios on December 6, 2019."  (Id. at 6 & 8).  This is admissible evidence on summary

12 judgment because it is included in Plaintiff's declaration that is signed under penalty of perjury,

13 and it is based on facts within Plaintiff's personal knowledge.  Thus, the Court finds that

14 Plaintiff has submitted evidence that he timely submitted a grievance regarding the alleged

15 excessive force incident.

16          Plaintiff further alleges that when he did not receive a response, he wrote to outside

17 agencies, including the Federal Bureau of Investigation.  In support of this allegation, Plaintiff

18 submits a copy of the letter he wrote to the Federal Bureau of Investigation that is dated

19 January 7, 2020, as well as Form 22s stating that he is writing to outside agencies.  Based on

20 the date of the letter Plaintiff sent to the Federal Bureau of Investigation, the letter was sent

21 about a month after Plaintiff allegedly filed his grievance.

22          Finally, it is undisputed that Plaintiff knew about and used the administrative grievance

23 process, including advancing appeals to the final level of review.

24          Defendant advances several arguments as to why the Court should disregard Plaintiff's

25 _____

26      [4] As to Plaintiff's argument that, given Plaintiff's special circumstances, the Court should apply an equitable exception to the exhaustion requirement, the Supreme Court has held that there are no "special circumstances" exceptions to the exhaustion requirement.  Ross, 578 U.S. at 648.  Accordingly, the Court will not apply an equitable exception to the exhaustion requirement.

27      [5] Plaintiff also lists as an undisputed fact that these are the allegations in his complaint.  (ECF No. 47, p. 20).  Defendant does not dispute this fact.

28

evidence, none of which are persuasive.

First, Defendant argues that Plaintiff's claim that he submitted a grievance is blatantly contradicted by the record.  In support of his argument, Defendant cites to Scott v. Harris, 550 U.S. 372.  However, in Scott, there was a videotape that contradicted the plaintiff's version of events, and there was no indication that the videotape was doctored or altered.  Id. at 378. Here, there is no evidence that is capable of objectively disproving Plaintiff's allegation that he submitted a grievance on December 8, 2019.  See, e.g., Hughes v. Rodriguez, 2022 WL 1180766, at *4 (9th Cir. Apr. 21, 2022) ("While Scott involved dashcam video footage, courts have since applied its logic to other types of evidence capable of objectively disproving witness testimony.").

Defendant also asserts that Plaintiff submitted numerous appeals which were advanced to the final level.  However, as Plaintiff argues, this information also tends to show that Plaintiff had a practice of correctly submitting appeals.

Finally, in support of the argument Defendant also asserts that "Plaintiff meticulously maintained copies of CDCR Form 22 to document correspondence and submissions of appeals and grievances," but he did not submit a Form 22 showing that he submitted a grievance on December 8, 2019.  (ECF No. 48, p. 3).  While this may go to Plaintiff's credibility, the fact that Plaintiff kept records of other grievances does not sufficiently show that Plaintiff did not file a grievance on December 8, 2019, such that no fair-minded fact finder could reasonably find for Plaintiff.  And, "[i]n judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence."  Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

Second, Defendant argues that Plaintiff's vague assertion that the December 8, 2019 appeal was lost or destroyed is not supported by admissible evidence.  "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."  F.T.C. v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997), as amended (Apr. 11, 1997)).  See also S.E.C. v. Phan, 500 F.3d 895, 909 (9th Cir. 2007) ("[D]eclarations oftentimes will be self-serving—[a]nd properly so, because

11

1   otherwise there would be no point in [a party] submitting [them]. In most cases, consequently,

2   [t]hat an affidavit is selfserving bears on its credibility, not on its cognizability for purposes of

3   establishing a genuine issue of material fact. Only in certain instances—such as when a

4   declaration state[s] only conclusions, and not such facts as would be admissible in evidence, —

5   can a court disregard a selfserving declaration for purposes of summary judgment.") (first

6   alteration added) (citations and internal quotation marks omitted).

7       While self-serving, the Court finds that Plaintiff's declaration is not vague, conclusory,

8   or lacking in detailed facts. As noted above, Plaintiff explains the situation, states that he filed

9   a grievance against defendant Rios regarding that situation, and states the date on which he

10  filed the grievance. Plaintiff further states that he understands the process, and that he was

11  required to describe the problem, the relevant facts, and the action requested. (ECF No. 47, p.

12  7). Thus, Plaintiff has provided specific factual allegations.

13      Additionally, as described above, there is at least some evidence supporting Plaintiff's

14  claim that he filed a grievance on December 8, 2019. Quoting to Rodgers v. Reynaga, 2009

15  WL 2985731, at *3 (E.D. Cal. Sept. 16, 2009), Defendant argues that allowing a self-serving

16  declaration alone to defeat summary judgment on the issue of exhaustion "would completely

17  undermine the rule." (ECF No. 48, p. 4). This district court case is not binding on this Court.

18  Moreover, as discussed above, Plaintiff has submitted more than just his self-serving

19  declaration stating that he timely filed a grievance.

20      Finally, Defendant argues that Plaintiff "took no reasonable and appropriate steps to

21  determine the status of [his] alleged appeal," and so "Plaintiff is not excused from the

22  exhaustion requirement." (ECF No. 48, p. 5). Pursuant to the Ninth Circuit's ruling in Andres,

23  Plaintiff need only show that prison officials improperly failed to process his grievance. 867

24  F.3d at 1079 ("When prison officials improperly fail to process a prisoner's grievance, the

25  prisoner is deemed to have exhausted available administrative remedies."). Andres does not

26  require an inmate to follow-up with prison officials after a grievance was improperly processed.

27  While failing to take reasonable steps to follow-up on the grievance that he allegedly filed

28  could weigh on Plaintiff's credibility, as discussed above, the Court may not make credibility

determinations or weigh conflicting evidence when ruling on Defendant's motion for summary judgment.  See also Gaines v. California Dep't of Corr., 2019 WL 4243230, at *14 (E.D. Cal. Sept. 6, 2019), report and recommendation adopted, 2020 WL 220994 (E.D. Cal. Jan. 15, 2020) ("While an inmate could file a request for the status of his grievance, see Cal. Code Regs. tit. 15, § 3086(a), and did not do so here, the Court finds this to be a relevant consideration that goes to credibility rather than to the exhaustion requirement.").

Based on the foregoing, the Court finds that there is a genuine dispute of material fact regarding whether Plaintiff timely filed a grievance regarding the claim that is proceeding in this action.  Therefore, the Court will recommend that Defendant's motion for summary judgment be denied; that the stay be lifted and the previously vacated deadlines be reset;[6] and that an evidentiary hearing be set to determine whether Plaintiff exhausted his administrative remedies by timely filing a grievance regarding his claim that was improperly processed by prison officials.

IV.      CONCLUSION AND RECOMMENDATIONS

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.  Defendant's motion for summary judgment be denied;

2.  The stay be lifted and the previously vacated deadlines be reset; and

3.  An evidentiary hearing be set to determine whether Plaintiff exhausted his administrative remedies by timely filing a grievance regarding his claim that was improperly processed by prison officials.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

_____

[6] The Court is recommending that this case proceed on the merits because this case is already almost two years old and because of the length of time it takes to hold an evidentiary hearing, for the undersigned to issue findings and recommendations, and for the district judge to rule on those findings and recommendations.

served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 27, 2022**                                /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE