UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL S. GRANT,<br><br>        Plaintiff,<br><br>    v.<br><br>D. RIOS,<br><br>        Defendant. | Case No. 1:20-cv-00908-JLT-EPG (PC)<br><br>ORDER SETTING EVIDENTIARY HEARING AND RELATED DEADLINES<br><br>(ECF No. 41) |

On January 10, 2022, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies. (ECF No. 41). On March 21, 2022, Plaintiff filed his opposition to the motion for summary judgment. (ECF No. 47). On April 5, 2022, Defendant filed his reply.

After reviewing the evidence, District Judge Jennifer L. Thurston determined that there is a dispute of material fact and that an evidentiary hearing is necessary. (ECF No. 50, p. 2); see also Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014). Specifically, the Judge Thurston found that it is undisputed that there was a generally available administrative remedy, but that there is a genuine dispute of material fact regarding whether Plaintiff timely filed a grievance regarding the claim that is proceeding in this action, which was not properly processed. (ECF Nos. 49 & 50). As there is a genuine dispute of material fact regarding this issue, Judge Thurston directed the undersigned to conduct an evidentiary hearing. (ECF No. 50, p. 2).

\\\

1

Accordingly, IT IS ORDERED that:

1. An <u>Albino</u> evidentiary hearing is set before Magistrate Judge Erica P. Grosjean on August 19, 2022, at 10:00 a.m., at the Robert E. Coyle Federal Courthouse, 2500 Tulare Street, Fresno, CA 93721, in Courtroom #10. The hearing will be held in person.

2. The evidentiary hearing is being conducted solely on the issue of whether Plaintiff timely filed a grievance regarding the claim that is proceeding in this action, which was not properly processed.

3. Plaintiff has until July 1, 2022, to file a motion for the attendance of witnesses. The motion should be entitled "Motion for Attendance of Witnesses."[1] The motion must: (1) state the name, address, and prison identification number (if any) of each witness Plaintiff wants to call; (2) explain what relevant information each witness has, and how that witness has personal knowledge of the relevant information; and (3) state whether each such witness is willing to voluntarily testify.[2]

4. Defendants have until July 15, 2022, to file their opposition, if any, to the motion. In their opposition (or separately, if Defendants have no opposition to the motion), Defendants should state whether they would prefer a video conference appearance for any inmate witnesses, and if so, whether the inmate witnesses' institution of confinement can accommodate a video conference appearance.

---

[1] Plaintiff should only ask for the attendance of witnesses that have information relevant to the dispute of fact identified above.

[2] If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. <u>Id.</u> In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if Plaintiff was granted leave to proceed *in forma pauperis*.

5. The parties have until July 22, 2022, to file and serve their respective witness lists (which should include the name and title of each witness they may call);

6. The parties have until July 22, 2022, to file and serve their respective exhibit lists;[3]

7. All evidence the parties want the Court to consider related to the dispute of fact identified above must be introduced at the evidentiary hearing. In issuing its findings and recommendations regarding the dispute of fact, the Court will only consider evidence that has been admitted at the evidentiary hearing.

IT IS SO ORDERED.

Dated:  **June 10, 2022**                                    /s/ *Erica P. Grosjean*
                                                    UNITED STATES MAGISTRATE JUDGE

---

[3] These lists do not need to include evidence that was submitted in support of, or in opposition to, Defendants' motion for summary judgment. Any party may introduce this evidence at the evidentiary hearing.