UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL S. GRANT,<br><br>        Plaintiff,<br><br>    v.<br><br>D. RIOS,<br><br>        Defendant. | No. 1:20-cv-00908-JLT-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST<br><br>ORDER FOR CLERK TO CLOSE CASE<br><br>(Docs. 41, 57, & 59) |

Russell Grant ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's Eighth Amendment excessive force claim against defendant Rios based on Plaintiff's allegations that defendant Rios applied Plaintiff's handcuffs too tightly and then pushed Plaintiff into a wall and held him there. (Docs. 1, 13, & 14).

Defendant filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies. (Doc. 41). The assigned magistrate judge issued findings and recommendations to deny the motion for summary judgment because there was "a genuine dispute of material fact regarding whether Plaintiff timely filed a grievance regarding the claim that is proceeding in this action," and that an evidentiary hearing should be set to resolve the dispute. (Doc. 49 at 13). The undersigned adopted the findings and recommendations in part, agreeing "there is a dispute of material fact concerning Plaintiff's

1

1 | exhaustion of available administrative remedies, and . . . an evidentiary hearing is necessary for
2 | the Court to resolve the dispute." (Doc. 50 at 2).  The undersigned declined to deny the motion for
3 | summary judgment and added, "[t]his matter is referred to the assigned magistrate judge to
4 | conduct an evidentiary hearing to determine whether Plaintiff exhausted his administrative
5 | remedies and to re-evaluate the pending motion for summary judgment in light [] of findings
6 | adduced at the evidentiary hearing."  (*Id.*).

On August 19, 2022, the assigned magistrate judge conducted the evidentiary hearing by video upon consent of all parties.  (Docs. 55 & 57).  On October 26, 2022, the assigned magistrate judge entered findings and recommendations, recommending that "[t]his action be dismissed, in its entirety, for Plaintiff's failure to exhaust his available administrative remedies because Plaintiff did not exhaust his administrative remedies and Plaintiff failed to meet his burden to show that such remedies were unavailable to him," and that "[t]he Clerk of the Court be directed to close the case." (Doc. 59 at 18). The parties were provided an opportunity to file objections. The deadline to file objections has passed and no objections have been filed.

According to 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

1. The findings and recommendations issued on October 26, 2022, (Doc. 59), are **ADOPTED IN FULL**.
2. This action is **DISMISSED**, in its entirety, for Plaintiff's failure to exhaust his available administrative remedies.
3. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **December 19, 2022**

UNITED STATES DISTRICT JUDGE

2